UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW GROSS, III,

        Plaintiff,                Case Number: 2:09-CV-11902

v.                                      HON. GERALD E. ROSEN

U.S. MARSHAL'S SERVICE, ET AL.,

        Defendants.

_____/

### ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA

Plaintiff has filed a *pro se* civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). He is currently incarcerated at the Federal Correctional Institution in Terre Haute, Indiana (FCI-Terre Haute). The Court determines that venue is appropriate in the United States District Court for the Southern District of Indiana and transfers the matter.

In his complaint, Plaintiff names as defendants Helen J. Marberry, the warden of FCI-Terre Haute, Corrections Officer Amos, also located at FCI-Terre Haute, the United States Marshal's Service, and the Federal Bureau of Prisons. Plaintiff's complaint alleges that the institution where he is presently incarcerated, FCI-Terre Haute, is not equipped to adequately satisfy his medical needs. Plaintiff argues that his medical condition predisposes him to a high risk of stroke. The cells at FCI-Terre Haute are not equipped with emergency stress buttons. Therefore, Plaintiff argues, if he should suffer a stroke he will be unable to alert staff that he requires immediate medical attention. Plaintiff also alleges that Corrections Officer Amos

injured his left shoulder when he placed Plaintiff in handcuffs.

Proper venue in civil rights claims is governed by the general venue statute, 28 U.S.C. § 1391.  Section 1391(e) provides a special venue provision for any action in which at least one of the defendants is an officer or employee of the United States or its agencies acting in his or her official capacity or under color of legal authority. See 28 U.S.C. § 1391(e).  In such cases, venue is proper where (1) any defendant resides; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if no real property is involved, where the plaintiff resides.  *Id.; see also Northern Ky. Welfare Rights Ass'n v. Wilkinson*, 933 F.2d 1009 (Table), 1991 WL 86267, at *5 (6th Cir. May 24, 1991).

In this case, the two individual defendants, Marberry and Amos, reside in the Southern District of Indiana.  The events giving rise to the complaint, the actions of defendant Amos and the allegedly inadequate access to emergency medical care by FCI-Terre Haute, occurred in the Southern District of Indiana.  In addition, Plaintiff is incarcerated in the Southern District of Indiana.  The only connection to this venue evident from the complaint is that Plaintiff wishes to be housed at the Federal Correctional Institution in Milan, Michigan.  Plaintiff's desire to be housed in this jurisdiction does not render this the proper venue for Plaintiff's complaint.  It is evident that the United States District Court for the Southern District of Indiana is a more appropriate venue for Plaintiff's claims.  Under 28 U.S.C. § 1404(a), in the interest of justice, a district court may transfer a civil action to any other district where it might have been brought for the convenience of the parties and witnesses.

Accordingly, in the interest of justice, the Court transfers Plaintiff's case to the United States District Court for the Southern District of Indiana.  The Court **ORDERS** the Clerk of the

Court to transfer the Court file to the Southern District of Indiana.

s/Gerald E. Rosen  
Chief Judge, United States District Court

Dated: June 18, 2009

## CERTIFICATE OF SERVICE

I hereby certify that on       June 18, 2009      , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
 Andrew Gross, #28240-039. Terre Haute Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 33, Terre Haute, IN 47808                                           .

s/Ruth A. Brissaud  
Ruth A. Brissaud, Case Manager  
(313) 234-5137